IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GARY HOLMES,                                                                                            PLAINTIFF
ADC #127662

v.                                          4:20-cv-00878-BSM-JJV

KARA BELUE; Doctor,
Arkansas State Hospital, *et al.*                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   INTRODUCTION**

Gary Holmes ("Plaintiff") is a prisoner in the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"). He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants failed to provide him with constitutionally adequate medical care while he was in the Arkansas State Hospital for an Act 3 mental evaluation. (Doc. No. 2.) For the following reasons, I conclude the Complaint fails to state a plausible claim for which relief maybe granted.[1]

**II.   DISCUSSION**

The Eighth Amendment requires state prison officials to provide pretrial detainees with constitutionally adequate medical care. *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2018), *Barton v. Taber*, 908 F.3d 1119, 1123–24 (8th Cir. 2018). But, the bar for properly pleading a

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

plausible inadequate medical care claim is high. Specifically, the Complaint must contain facts suggesting: (1) Plaintiff had an objectively serious need for medical care for; and (2) each of the Defendants subjectively knew of, but deliberately disregarded, that serious medical need. (*Id*.) As to the second requirement, deliberate indifference is a high threshold that goes well beyond negligence or gross negligence. (*Id*.) It "requires proof of a reckless disregard of the known risk." *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013). In other words, "there must be actual knowledge of the risk of harm, followed by deliberate inaction amounting to callousness." *Bryan v. Endell*, 141 F.3d 1290, 1291 (8th Cir. 1998).

Plaintiff says that in August 2017, Defendant Dr. Kara Belue violated his constitutional rights by changing his medication for an unspecified mental condition to a much higher dose. But, "doctors remain free to exercise their independent medical judgment." *Barr v. Pearson,* 909 F.3d 919, 921–22 (8th Cir. 2018). And, a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Id.* Thus, Plaintiff has not pled a plausible claim against Dr. Belue.

Plaintiff also makes the conclusory allegation that he was treated "unfairly" by Evelyn Gilkey and Larry Smith, who have not been named as Defendants, as well as by Defendants Messer and Belue. (Doc. No. 2 at 4.) But, such conclusory allegations devoid of any factual support are insufficient to plead a plausible § 1983 claim. *See Iqbal,* 556 U.S. at 678 (2009) ("labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim). Instead, to plead a plausible claim, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." (*Id.*) Plaintiff has not done so.

Plaintiff claims Defendant Dr. Belue "would harass me about my complaints" and that she

3

"mentally abused" him because of the nature of the charges pending against him. (Doc. No. 2 at 4.) Any such behavior would obviously be inappropriate and unprofessional. However, verbal harassment and rudeness are not constitutional deprivations. *See Kurtz v. City of Shrewsbury,* 245 F.3d 753, 759 (8th Cir. 2001) (verbal harassment, in the form of threats and unflattering remarks directed at plaintiffs, does not rise to the level required to establish a constitutional violation"); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (harassment, verbal threats, and name calling are not actionable under § 1983).

Plaintiff also says Dr. Michael Simon violated his rights by leaking confidential information about him to the press. Again, while such conduct would be highly inappropriate, there is no private right of action under the Health Insurance Portability and Accountability Act (HIPPA) for medical privacy violations. *Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010). And, the Eighth Circuit has not recognized a substantive due process right in protecting the release of private information. *Dillard v. O'Kelley*, 961 F.3d 1048, 1054-55 (8th Cir. 2020).

Finally, Plaintiff has listed Graham Reid as a Defendant, but he has not raised any factual allegations against him. Because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff's has not explained how Defendant Reid allegedly violated his constitutional rights through his own individual actions. Thus, he has not pled a plausible claim against him.

Importantly, I previously explained these pleading deficiencies to Plaintiff, gave him thirty days to file an Amended Complaint curing them, and cautioned him I would recommend dismissal if he did not do so. (Doc. No. 4.) Plaintiff did not file an Amended Complaint, and the time to do so has expired.

4

### III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted, and this case be CLOSED.

2. Dismissal count as a "strike" under 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 29th day of September 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."